IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELLY JOANN PAINTER, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-14-2476 |
| § | | |
| AMERICAN MUTLI-CINEMA, § | | |
| INC., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This negligence case is before the Court on Plaintiff Shelley Joann Painter's ("Plaintiff") Opposed Motion to Abstain and Remand ("Motion") [Doc. # 5], to which Defendant American Multi-Cinema, Inc. ("Defendant") filed a Response [Doc. # 8]. Plaintiff did not file a reply or request additional time to do so.  The Motion is ripe for review.  Having reviewed the record and applicable legal authorities, the Court **denies** Plaintiff's Motion.

### I.   BACKGROUND

Plaintiff allegedly was injured outside Defendant's movie theater in an armed robbery attempt by Michael Dontreal Foley ("Foley").  Plaintiff's Original Petition ("Original Petition") [Doc. # 1-1], at ECF pages 7-8, ¶ 11; Defendant's Original Answer [Doc. # 1-1], at ECF page 11, ¶ 3. On July 14, 2014, Plaintiff sued Defendant

for negligence in the 129th Judicial District Court of Harris County, Texas, seeking monetary relief of over $75,000.  *Id.*, at ECF pages 6, 8, ¶¶ 12-15.

Plaintiff is a resident of Texas.  Defendant's Notice of Removal ("Notice of Removal") [Doc. # 1], ¶ 7.  Defendant, a Missouri corporation, has its principal place of business in Kansas.  *Id.*  Defendant filed a Notice of Removal in federal court on August 27, 2014, on the basis of diversity jurisdiction.  *See generally id.*  Defendant provided Plaintiff with a copy of the Notice of Removal that same day.  Exhibit A to Defendant's Response to Motion to Remand [Doc. # 8-2], at ECF page 2 (showing a receipt for the facsimile sent to Plaintiff).  On August 28, 2014, Defendant filed a Notice of Filing of Notice of Removal ("Notice of Filing") in the Texas state court, and provided a copy of that Notice to Plaintiff the same day.  Exhibit B to Defendant's Response to Motion to Remand [Doc. # 8-3], at ECF pages 2-3 (showing a receipt from the 129th Judicial District Court of Harris County, Texas for Defendant's filing); Exhibit C to Defendant's Response to Motion to Remand [Doc. # 8-4], at ECF pages 2-10 (showing a receipt for the facsimile sent to Plaintiff).

On August 29, 2014, Plaintiff filed a First Amended Petition in the 129th Judicial District of Harris County, Texas.  *See* Plaintiff's First Amended Petition ("Amended Petition") [Doc. # 5-2].  In the Amended Petition, Plaintiff attempted to add Foley's Estate as a Defendant in this case, and alleged that Foley's wife could be

served in Harris County, Texas.  *Id.*, at ECF pages 2-3, ¶ 5.  On September 2, 2014, Plaintiff filed this Motion, which has been fully briefed and is ripe for review.

**II.     ANALYSIS**

Plaintiff argues that the Court must "abstain" from hearing this case and remand it to state court because there is not complete diversity of citizenship between the parties as a result of the addition of the Foley Estate to the Amended Petition.[1]  Under 28 U.S.C. § 1446(d), a defendant seeking removal "shall give written notice thereof to all adverse parties and shall file a copy of the notice [of removal] with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  "To determine whether jurisdiction is present for removal, [federal courts] consider the claims in the state court petition as they existed at the time of removal."  *Mangano v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "A complaint amended [in state court] post-removal cannot divest a federal court of jurisdiction."  *Cavallini*, 44 F.3d at 264 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

---

[1]  Plaintiff neither urges nor establishes any ground for "abstention."  It is apparent from Plaintiff's argument that, in fact, she seeks remand of this case to state court for lack of complete diversity.

Defendant filed its Notice of Removal in federal court on August 27, 2014, and provided Plaintiff a copy of the Notice that same day.  Defendant filed its Notice of Filing in state court on August 28, 2014.  It is undisputed that, when Defendant filed the Notice of Removal in federal court and when it filed the Notice of Filing in state court, there was complete diversity between the parties.  The Original Petition was the live pleading at the time.  Removal thus was proper.  Plaintiff's post-removal Amended Petition adding a non-diverse defendant in state court does not divest this federal Court of subject matter jurisdiction over this case.  Plaintiff's motion to abstain or remand is without merit.

## IV.    CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiffs' Opposed Motion to Abstain and to Remand [Doc. # 5] is **DENIED**.

SIGNED at Houston, Texas, this **2nd** day of **October, 2014**.

_____
Nancy F. Atlas
United States District Judge